IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINDA NGUYEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-3365-L-BN |
| | § | |
| MOTEL 6, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This *pro se* action has been referred to the undersigned United States magistrate judge for initial screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice for lack of subject matter jurisdiction.

**Applicable Background**

Plaintiff Linda Nguyen has sued Motel 6 and entities and individuals associated with that hotel brand based on allegations that employees of a Motel 6 located in Addison, Texas "committed crimes against her," including, "Violations of privacy, Illegal searched [sic], Damaged property and Discrimination." Dkt. No. 3 at 3. Nguyen also alleges that she filed complaints regarding her experience at the Addison hotel with "the Motel 6 Corporate office." *Id.* at 2-3.

In order to better ascertain Nguyen's claims in this action and to determine

whether the Court possesses jurisdiction over those claims, the Court has issued an order to show cause, to which Nguyen has responded, *see* Dkt. Nos. 7 & 10, and a questionnaire, to which Nguyen has submitted verified responses, *see* Dkt. Nos. 14 & 15.

## Legal Standards and Analysis

The federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. Because Nguyen chose to file a lawsuit in federal court, it is her burden to establish federal jurisdiction. And if she fails to do so, this lawsuit must be dismissed. *See, e.g., Smith-Lindley v. Tex., Dep't of Family & Protective Servs.*, No. 3:12-cv-4819-K, 2013 WL 4766850, at *1 (N.D. Tex. Sept. 5, 2013) ("A district court must dismiss a case when the plaintiff fails to establish subject-matter jurisdiction." (citing FED. R. CIV. P. 12(b)(1))); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b).

Federal question jurisdiction under 28 U.S.C. § 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial

question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)); *see also Jolly v. Klein*, 923 F. Supp. 931, 941 (S.D. Tex. 1996) ("In the absence of diversity of citizenship, it is essential that a substantial federal question be presented to support jurisdiction." (citing *Hagans v. Levine*, 415 U.S. 528, 536-37 (1974))); *Ayika v. Lopez*, No. EP-10-CV-456-KC, 2010 WL 5373877, at *2 (W.D. Tex. Dec. 21, 2010) ("Establishing federal question jurisdiction requires a 'substantial federal question.'" (quoting *Raymon v. Alvord Indep. Sch. Dist.*, 639 F.2d 257, 257 (5th Cir. Unit A Mar. 1981))).

In this regard, it is established that the mere mention of federal law or bare assertion of a federal claim is not sufficient to obtain federal question jurisdiction, because "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit; wholly insubstantial; obviously frivolous; plainly unsubstantial; or no longer open to discussion." *Hagans*, 415 U.S. at 536-37 (internal citation and quotation marks omitted); *see Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) ("[T]he assertion that the claim involves [a federal] question must be more than incantation."); *Raymon*, 639 F.2d at 257 ("[A] complaint that alleges the existence of a frivolous or

insubstantial federal question is not sufficient to establish jurisdiction in a federal court." (citing *Olivares v. Martin*, 555 F.2d 1192, 1195 (5th Cir. 1977); *Hagans*, 415 U.S. at 538-39)); *Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 342 (5th Cir. 1977) (a claim "must be more than frivolous to support federal question jurisdiction").

The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

In her initial complaint, Nguyen failed to "affirmatively and distantly" allege jurisdiction. For example, she failed to specify a federal law that is implicated by her allegations, and she neither alleges the citizenship of the defendants nor identifies an amount in controversy. *Cf. Leach v. Indiana*, No. 1:07-cv-1376-DFH-JMS, 2007 WL 4256440, at *1 (S.D. Ind. Nov. 30, 2007) ("The problem is that plaintiff's amended complaint does not mention federal law anywhere. The plaintiff is the master of his complaint. If he chooses to rely solely on state law, he may do so even if his allegations might also support a claim for relief under federal law." (citations omitted)).

In her response to the show-cause order, Nguyen specifies that she is requesting $4 million and that – "[u]nder the Federal law" – she is "suing for Violation of Privacy, Illegal Search, Damage of property and Discrimination" because her "dirty clothes which includes [her] DNA was in [her] property that the Motel 6 employees removed

from [her] hotel room." Dkt. No. 10 at 1-2 (further providing that "Motel 6 employees violated my human rights as well as every other right" and that "Motel 6 employees had no right to remove my property from my hotel room because my room was paid in full in advance").

Because Nguyen has failed to allege the citizenship of any defendant but has alleged facts under which it is plausible that she and several defendants are citizens of Texas (as some defendants manage a hotel in Addison, Texas), the undersigned has accepting Nguyen's assertion that she is suing under federal law. And the court-issued questionnaire requested that Nguyen describe in detail how each defendant violated her constitutional rights as well as describe in detail the basis of any claim of discrimination. *See* Dkt. No. 14 at 5-6.

First, Nguyen's verified response fails to include facts that establish that any defendant – all private individuals or entities – acted under color of state law.

> [T]o state a viable claim for relief in a § 1983 action, Plaintiff must allege that he has been deprived of a right secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *West v. Atkins*, 487 U.S. 42, 48 (1988). "Under color of state law" excludes from its reach purely private conduct, no matter how discriminatory or wrongful. *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). Private action may be deemed state action, for purposes of § 1983, only where the challenged conduct "may be fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)..

*Hester v. Dallas Cty. Jail*, No. 3:11-cv-3099-B-BH, 2012 WL 1430539, at *3 (N.D. Tex. Mar. 6, 2012) (citation omitted; some internal citations modified), *rec. adopted*, 2012

WL 1437747 (N.D. Tex. Apr. 25, 2012).

As to any claim of discrimination that, for example, could fall under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq.*, which "focus[es] on actual physical facilities, such as inns, motels, restaurants, gas stations, theaters, and stadiums," *Noah v. AOL Time Warner, Inc.*, 261 F. Supp. 2d 532, 540-45 (E.D. Va. 2003), while Nguyen states that she is "Vietnamese American," Dkt. No. 15 at 5, she fails to "set forth allegations that would enable the court to reasonably infer that [any defendant] discriminated against [her]" *because of* her national origin, *Lewis v. LSG Sky Chefs*, No. 3:14-cv-3107-M-BN, 2015 WL 935125, at *4 (N.D. Tex. Mar. 4, 2015) (quoting *Thornton v. Dallas ISD*, No. 3:13-cv-3012-P, 2014 WL 46398, at *3 (N.D. Tex. Jan.6, 2014) (in turn quoting *Nieman v. Hale*, No. 3:12-cv-2433-L, 2012 WL 3204990, at *4 (N.D. Tex. Aug. 8, 2012)); internal quotation marks omitted). *See* Dkt. No. 15 at 5 ("The managers Ms. Shela and Ms. Sabrina discriminated against me because they laughed and said you can never rent here ever ever again. They kicked me off the property because I filed complaints against Ms. Shela because she told the employee[s] to remove my bags and things out of my room. They searched my bags, damaged important documents and mixed it in a plastic bag with some of my clean and dirty clothes. I feel like it was also racial discrimination because I am a Vietnamese American and Ms. Shela and Ms. Sabrina was laughing at me when they told me I could never rent there ever ever again. People with dogs and cats can rent there. [I]'ve seen two Pitbulls fighting on the property but the owners and the dogs were still

welcome on the property. They treated me less then the two pitbulls.").

Therefore, after being afforded two opportunities to amend the allegations in her complaint, Nguyen still has not established that federal law creates the asserted cause(s) of action; nor has she shown that any right to relief necessarily depends on resolution of a substantial question of federal law; nor has she shown that there is complete diversity between the parties. Accordingly, the Court should dismiss this action without prejudice for lack of subject matter jurisdiction.

While the undersigned has examined Nguyen's allegations under Rule 12(h)(3), the outcome would be the same if her allegations were screened under 28 U.S.C. § 1915(e)(2)(b), and dismissal of the complaint would still be required because Nguyen has failed to allege a plausible claim that falls within the jurisdiction of the Court, even after she was afforded multiple opportunities to amend her complaint.

### Recommendation

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 12(h)(3).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: March 8, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE